IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRY L. JACKSON,

                                        OPINION and ORDER

            Plaintiff,

                                           17-cv-530-bbc

    v.

BRIAN FOSTER, HSU MANAGER STADTMUELLER,
HSU MANAGER MARKUS, GWENDOLYN A. VICK,
AMY GUNDERSON and N. KAMPHUIS,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Terry L. Jackson is proceeding on claims that defendants Brian Foster, Stadtmueller, Markus, Gwendolyn A. Vick, Amy Gunderson and N. Kamphuis violated his rights under the Eighth Amendment by failing to provide him adequate treatment for his foot problems and that defendants Foster, Stadtmueller, Markus and N. Kamphuis violated plaintiff's right to equal protection under the Fourteenth Amendment by discriminating against him on the basis of his race. Now before the court are plaintiff's motion for a preliminary injunction, dkt. #19, and motion to strike defendants' affirmative defenses. Dkt. #22. For the reasons set out below, I am denying both motions.

OPINION

A. <u>Motion for Preliminary Injunction</u>

Plaintiff has filed a motion for a preliminary injunction asking that the court issue an

1

order requiring defendants to send plaintiff to a podiatry specialist or permit him to order shoes from an outside vendor such as Eastbay. However, plaintiff's motion does not comply with this court's procedure for obtaining preliminary injunctive relief, a copy of which will be provided to plaintiff with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings. Plaintiff has neither submitted proposed findings of fact nor cited any evidence to support those findings.

Second, even if plaintiff's motion was not flawed on its face, I would have to deny it on the merits at this time. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007). Plaintiff has yet to show a likelihood of success on the merits of his claims.

Plaintiff contends that defendants violated his Eighth Amendment rights by refusing to allow him to order shoes from an outside vendor, even though none of the shoes in the approved vendor catalogs are adequate for his specific needs. However, his only evidence in support of this claim is a 2014 order from a podiatrist recommending that plaintiff be permitted to order shoes with a removable insole from an outside vendor. This is not sufficient to show that he is likely to succeed on of success on the merits of his claim. The exhibits attached to plaintiff's complaint show that since 2014, defendants contacted plaintiff's podiatrist and determined that plaintiff's foot problems could be accommodated

2

without a special order or non-vendor-approved shoes. Dkt. #1-1 at 38. Although plaintiff disagrees with defendants' assessment, he has not submitted any evidence to show that defendants' conclusions are wrong. In particular, plaintiff has not shown that the shoes available in the vendor catalogs would not accommodate his orthotics, foot size or other special needs. Nor has he adduced evidence that defendants acted with deliberate indifference in concluding that plaintiff should try his orthotics with shoes available from the approved vendors. Without such evidence, plaintiff has not shown a likelihood of success on his Eighth Amendment claim.

With respect to his equal protection claim, plaintiff submits the declaration of Jose Soto, who states that he has been "allowed to purchase and receive shoes from any outside vendor" to accommodate his plantar fasciitis. Dkt. #20. However, the fact that one other inmate is permitted to purchase shoes from an outside vendor is not sufficient to show a likelihood of success on plaintiff's claim that non-black inmates are permitted to order special shoes and black inmates are not. Moreover, in light of the fact that Mr. Soto has filed at least two lawsuits challenging the care he has received for his plantar fasciitis and his access to special shoes, Soto v. Morgan, Case No. 11-cv-567-slc (W.D. Wis. filed Aug. 10, 2011); Soto v. White, Case No. 17-cv-551-jdp (W.D. Wis. filed July 17, 2017), Soto's declaration does not provide much support for plaintiff's claim that he is not receiving equal treatment from defendants.

In sum, although plaintiff's allegations were sufficient to pass the screening stage, his submissions fall far short of showing that he needs the extraordinary relief that he seeks.

Accordingly, he is not entitled to injunctive relief.

### B. Motion to Strike Affirmative Defenses

Plaintiff has moved to strike defendants' affirmative defenses that:

(1) All or portions of Plaintiff's Complaint must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies. Dfts.' Ans., dkt. #21, ¶ 1.

(2) To the extent that Defendants are named in their personal capacities, all or portions of Plaintiff's Complaint must be dismissed pursuant to the doctrine of qualified immunity. Dfts.' Ans., dkt. #21, ¶ 2.

(3) To the extent that Defendants are named in their official capacities, all or portions of Plaintiff's Complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution. Dfts.' Ans., dkt. #21, ¶ 3.

Defendants' affirmative defenses are not improper. Although plaintiff may believe that they lack merit, he should raise those arguments at the summary judgment stage, not in a motion to strike.

### ORDER

IT IS ORDERED that plaintiff Terry L. Jackson's motion for a preliminary injunction, dkt. #19, and motion to strike, dkt. #22, are DENIED.

Entered this 12th day of February, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge